IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DELORES SUMPTER and JAMES SUMPTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. ) 06-0328-BH-B |
| WAL-MART STORES, INC., et al., | ) ) |
| Defendants. | ) |

**FINDINGS OF FACT; CONCLUSIONS OF LAW
AND ORDER**

This action is before the Court on defendant's motion for summary judgment (Docs. 18-20). Upon consideration of the motion, plaintiff's response in opposition thereto (Docs. 24-26), defendant's reply (Doc. 27) and all other pertinent portions of the record, the Court concludes that the motion is due to be granted.

**FINDINGS OF FACT**

Upon consideration of all the evidence of record, the Court finds that the following facts are either undisputed or uncontradicted by the plaintiff:

1.   Wal-Mart Stores East, LP ("Wal-Mart"), incorrectly identified in the Plaintiffs' Complaint as "Wal-Mart Stores, Inc.", operates store number 991 in Mobile County, Alabama.

2.   On December 7, 2003, the Plaintiffs, Delores and James Sumpter, were shopping in Wal-Mart store number 991.

3. As the Plaintiff, Delores Sumpter, turned a corner with her husband in front of her, she slipped on a blue substance which she never, ever, saw. The substance was located near the pharmacy section of the store in one of the busiest areas of the store known as "action alley," one of the main thoroughfares which leads from the front of the store to the back.

4. Mrs. Sumpter does not know on what she fell, how long it had been there, where it came from, or who was responsible for putting it there.

5. Xavier Miller, an Assistant Manager at Wal-Mart, arrived at the scene to discover a small, contained spill of some unknown blue liquid. Mr. Miller did not know what the substance was, where it had come from, or how long it had been on the floor, but it did not appear to be old and did not have any shopping cart "tracks" or other tracks in it save where the plaintiff's foot apparently stepped in it.

6. At store number 991, Wal-Mart's procedures required the Associates to make "sweeps" every 30 minutes to inspect the floor, including the area where the plaintiff slipped, in order to try to maintain a clean area free from debris and spills. This procedure was adhered to on the day of the incident. Plaintiffs have proffered no evidence to the contrary. Consequently, the evidence of record established that the premises where the Delores Sumpter slipped would have been checked every 30 minutes on the day of the incident.

7.Mr. Miller did not know that there was anything on the floor which anyone might slip on prior to the Plaintiff's incident.  Plaintiffs have proffered no evidence to the contrary.

## CONCLUSIONS OF LAW

**A.Standard of Review.**

1.The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991).  In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. Rule. Civ. P. 56 (c); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986).

2.When faced with a motion for summary judgment, the non-movant bears the burden of coming forward with sufficient evidence that proves every element of a claim on which such non-movant has the burden of proof.  *See*, *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986); *Celotex*, 477 U.S. at 317.  If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant.  *Peppers v. Coates*, 887 F.2d 1493 (11th Cir. 1989).

3.The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . . [o]nly

factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment." *Lofton v. Secretary of Dep't of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004)(citations omitted).

    4.    A defendant moving for summary judgment is not required to disprove every element of the plaintiff's case to prevail.  Instead, the defendant is required to demonstrate only that plaintiff will be unable to meet his or her burden of proof on any essential element of his or her claims.  As Fed.R.Civ.P. 56©) points out, summary judgment should be granted when it becomes apparent that the plaintiff is unable to "make a showing sufficient to establish an element essential to that party' s case, and on which that party would bear the burden of proof at trial." *Andrews v. Trans Union Corp.*, 7 F. Supp. 2d 1056, 1064 (C.D. Cal. 1998) (*citing Celotex Corp. v. Catrett*, 477 U.S. at 322).

    **B.**    **Slip and Fall Liability**

    5.    Plaintiffs acknowledge that Wal-Mart's duty "is to exercise reasonable care, and to provide and maintain a safe premises for the customers." Opposition Brief at 4, *citing*, *Denmark v. Mercantile Stores Co.*, 844 So.2d 1189 (Ala. 2002); *Maddock v. K-Mart Corp.*, 565 So.2d 14 (Ala. 1990).  Plaintiffs also acknowledge that they "must prove that the injury to [Delores Sumpter] was proximately cause[d] [sic] by the negligence of the stores' servants or employees and that their was actual or constructive notice." *Id.*, *citing*, *Denmark*, 844 So.2d at 1189; *Wal-Mart Stores, Inc. V. McClinton*, 631 So.2d 232, 234 (Ala. 1993).  This, however, plaintiffs have failed to do.

6. A store owner's duty to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. *Harvill v. Johnson*, 598 So.2d 881 (Ala. 1992). A store owner is not to insure the safety of invitees and *res ipsa loquitor* is not applicable. There is no presumption of negligence arising out of the mere fact that an injury occurs. *Shaw v. City of Lipscomb*, 380 So.2d 812, 814 (Ala. 1980).

7. A store owner has no duty to warn invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, exercise of reasonable care on the invitee's part. *Tia v. Tia*, 361 So.2d 1051 (Ala. 1978).

8. Contrary to plaintiffs' contentions, Wal-Mart has established that it did not have actual, constructive, or imputed knowledge of the substance upon which Delores Sumpter slipped and that it was not derelict or delinquent in discovering its presence. *Ex parte Wal-Mart Stores, Inc*., 806 So.2d 1247 (Ala. 2001). No evidence has been proffered, and none is apparently available, as to the exact identity of the substance on which Delores Sumpter slipped and fell. Consequently, there exists no evidence to support a supposition that the substance at issue was even Wal-Mart merchandise. No evidence exists as to how long the substance at issue had been on the floor. It is undisputed that Wal-Mart had in place procedures for the detection of foreign substances on the floor in and about the area where Delores Sumpter fell and plaintiffs have proffered no evidence to contradict Wal-Mart's evidence that those procedures were

followed on the day of the accident. There is no evidence, therefore, that Wal-Mart was derelict or deficient in not discovering the substance at issue.

## CONCLUSION AND ORDER

For the reasons stated above, the Court concludes and it is therefore **ORDERED** that Wal-Mart's motion for summary judgment is due to be and is hereby **GRANTED** and that **JUDGMENT** be entered in favor of the Defendant, Wal-Mart Stores East, LP, incorrectly identified in the Complaint as Wal-Mart Stores, Inc., and against the Plaintiffs, Delores Sumpter and James Sumpter, the plaintiffs to have and recover nothing of the defendant.  Costs are taxed against the plaintiffs.

**DONE** this 4th day of June, 2007.

     s/ W. B. Hand     
SENIOR DISTRICT JUDGE
